Honorable Christopher M. Alston
Hearing date: September 4, 2024; 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| In re:<br><br>MAD ABOUT GARDENING LLC,<br>d/b/a Toland Flags,<br><br>               Debtor(s). | Chapter 7<br>Bankruptcy No. 24-11395-CMA<br><br>TRUSTEE'S REPLY TO DEBTOR'S RESPONSES TO TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING ABANDONMENT OF PROPERTY OF THE ESTATE |

COMES NOW the duly appointed trustee, Michael P. Klein, through counsel, The Livesey Law Firm, and Rory C. Livesey, and files this combined reply to (1) Debtor's Objections to Evidence Relied Upon in Apanage Corporation's Motion for Order Directing Trustee to Reject or Terminate Lease, Vacate Premises, and Remove or Abandon Property, or Alternatively for Stay Relief (ECF No. 14 and 13 Respectively); and to Mad About Gardening, LLC's Trustee's Motion for an Order Authorizing Abandonment of Property of the Estate (ECF No. 18), and (2) Debtor's Joint Response to Apanage Corporation's Motion for Order Directing Trustee to Reject or Terminate Lease, Vacate Premises, and Remove or Abandon Property, or Alternatively for Stay Relief (ECF No. 14 and 13 Respectively); and to Mad About Gardening, LLC's Trustee's Motion for an Order Authorizing Abandonment of Property of the Estate (ECF No. 18).

## I. DEBTOR'S STANDING

Initially, it is uncertain on whose behalf the "debtor" is responding or that the debtor has standing to file an objection. Upon the filing of the petition, the trustee became the representative of the corporate debtor. 11 U.S.C. § 323. *See, generally*, *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343,352, 105 S. Ct. 1986, 1993, 85 L. Ed. 2d 372 (1985). Possibly the

**TRUSTEE'S REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING ABANDONMENT OF PROPERTY OF THE ESTATE -** 240828cRep   Page 1

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 24-11395-CMA   Doc 27   Filed 08/30/24   Ent. 08/30/24 09:15:43   Pg. 1 of 3

objection is being filed on behalf of Bruce Solly and Traci Tanner, the owners of the debtor. However, they are debtors in their own Chapter 7 proceeding (Case No. 24-11396) and will presumably be granted a discharge. They have no pecuniary interest in the outcome of this hearing. Nevertheless, this reply will use the term debtor when addressing the response.[1]

## II. OBJECTION TO EVIDENCE

The debtor objects to the trustee's reliance on the value placed on the debtor's personal property by Colin Murphy of James G. Murphy Company ("Murphy"). That is an over-simplification of the trustee's process in determining that abandonment is in the best interest of the estate. Initially, Murphy is not testifying. He is one source of information the trustee used in making his decision. In his declaration (Docket No. 19), the trustee lays out his analysis in determining that abandonment was appropriate. He personally visited the debtor's premises with Murphy, he reviewed the debtor's schedules, reviewed the UCC filings and he questioned the principal of the debtor at the creditors' meeting. In his sound business judgment he has determined that abandoning the property is in the best interest of the estate. *See In re Moore*, 110 B.R. 924, 927 (Bkrtcy. C.D. Cal. 1990). Moreover, the trustee must be mindful of the landlord and its mounting administrative claim caused by the estate's continued occupancy of the property. A sale with a carveout is a possibility, but the trustee then has to examine whether he can meet the requirements of such a sale, specifically whether such a sale will provide a meaningful distribution to the creditors. The bankruptcy trustee must determine, in his sound business judgment, what disposition of an asset is in the best interest of the estate. In recommending abandonment, Mr. Klein did not rely solely on the information provided by Murphy. Murphy did provide the trustee with an estimate of the value of the equipment, but that was only one of several things considered in making his decision. Murphy's opinion is not being offered as evidence. It is one of many factors considered by the trustee.

---

[1] This motion has become procedurally quite cumbersome with the related debtors and identical pleadings filed in both cases. In this reply the trustee is only addressing the debtor's response to his motion to abandon.

**TRUSTEE'S REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING ABANDONMENT OF PROPERTY OF THE ESTATE -** 240828cRep   Page 2

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

1                      III.  RESPONSE TO OBJECTION TO ABANDONMENT

With all respect to the parties involved, the objection seems to be lacking a point.  Perhaps more appropriately, the objection seems to be lacking an objective.  The concern seems to be with the ultimate disposition of the assets of the estate and that the trustee should try harder to sell the assets.  The principals of the debtor seem concerned that they will ultimately be responsible for dealing with the abandoned property.  However, they are in their own Chapter 7 proceeding.  Presumably they will be discharged of any personal obligation incurred related to the debtor.  They need not be involved in the removal or storage of the personal property.  Assuming there is an abandonment, the removal of the property will be an issue between the landlord and the secured creditors. The parties will be able to pursue their state court remedies.

                                            IV.  CONCLUSION

The debtor is second guessing the trustee's decision to abandon the debtor's personal property.  It has engaged in speculation, but has not raised any points that the trustee didn't consider in determining that abandonment is the proper disposition for the assets.

RESPECTFULLY SUBMITTED this 30th day of August, 2024.

                      THE LIVESEY LAW FIRM

                          /S/ *Rory C. Livesey*
                      Rory C. Livesey, WSBA #17601
                      Attorney for Michael P. Klein, Trustee

**TRUSTEE'S REPLY TO DEBTOR'S RESPONSE TO TRUSTEE'S  MOTION FOR AN ORDER AUTHORIZING ABANDONMENT OF PROPERTY OF THE ESTATE -** 240828cRep   Page 3

THE LIVESEY LAW FIRM
2033 Sixth Avenue, Suite 900
Seattle, WA 98121
(206) 441-0826

Case 24-11395-CMA    Doc 27    Filed 08/30/24    Ent. 08/30/24 09:15:43    Pg. 3 of 3